UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PHILLIP E. DOSS AND MICHELLE C. DOSS    CIVIL ACTION

VERSUS    NO: 06-2270

DANIEL FRANK CUEVAS ET AL.    SECTION: "S" (3)

## ORDER AND REASON

**IT IS HEREBY ORDERED** that the motion to remand of Phillip E. Doss and Michelle C. Doss is **GRANTED,** and the case is **REMANDED** to the 22nd Judicial District Court for the Parish of St. Tammany.  (Document #11.)

### I. BACKGROUND

Phillip and Michele Doss filed a petition for damages in the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, against Daniel Frank Cuevas, Auto Club Family Insurance Company (Auto Club), First Horizon Home Loan Corporation (First Horizon), and Federal Flood Certification Corporation (Flood Certification).[1] asserting causes of action for

---

[1]    Daniel Cuevas is a Louisiana licensed insurance agent.  Auto Club Family Insurance issued a flood insurance policy to John Fayard, the former owner of the property at 200 Little Gull Street, Slidell, Louisiana, which the Dosses purchased.  The Dosses obtained a mortgage from First Horizon.  Flood Certification performed a flood zone determination at the request of First Horizon.

breach of contract, negligence, and detrimental reliance.

The Dosses allege that, after Hurricane Katrina damaged their property, they discovered that it was not covered under a flood insurance policy.  They contend that, when they purchased the property in April 2005, they contracted with Cuevas and Auto Family to assume the seller's fully-paid flood insurance policy because the property was located in Flood Zone A-10.  The Dosses contend that they reasonably believed that the assumption of the flood insurance was in place and effective.  The Dosses further allege that First Horizon failed to require flood insurance or to "force place" flood insurance.  They allege that First Horizon negligently hired Flood Certification to determine the flood zone, and Flood Certification failed to identify the flood zone for the property as a special flood hazard zone.

First Horizon removed the case to federal court based on federal question jurisdiction under the National Flood Insurance Act of 1968 (NFIA), 42 U.S.C. § 4001 *et seq.* and specifically § 4012a.  The Dosses filed a motion to remand the case to state court.  The Dosses contend that there is no claim under a federal statute and that they allege only state-law claim of negligence, breach of contract, and detrimental reliance.

## II. DISCUSSION

**A. Legal standard**

Motions to remand to state court are governed by 28 U.S.C. § 1447(c), which provides in relevant part:  "If at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  To determine whether a cause of action presents a federal question, the court examines the plaintiffs' well-pleaded complaint.  See

Hoskins v. Bekins Van Lines, 343 F.3d 769, 772 (5th Cir. 2003). The entire record is examined for a proper understanding of the true nature of the complaint. See Aquafaith Shipping, Ltd. v. Jarillas, 963 F.2d 806, 808 (5th Cir. 1992).

**B. Claims against First Horizon**

First Horizon contends that the plaintiffs' claims are government by the NFIA because the only statutes relating to a mortgage company's duty to require or force place flood insurance are found under the NFIA. Specifically § 4012a(b)(1) sets forth the compliance requirements for mortgage loans; § 4012a(e)(2), the placement of flood insurance by the lender; and § 4012a(f)(6), lender compliance for purposes of civil penalties.

The NFIA does not create a private right of action for policy holders against lending organizations. See Till v. Unifirst Federal Savings and Loan Assoc., 653 F.2d 152, 155 (5th Cir. 1981).[2] The Fourth, Fifth, Seventh, and Eight Circuits have held that no implied private right of action exists under sections 4012a and 4104a (Notice Requirements). Mid-America Nat'l Bank of Chicago v. First Savings and Loan Assoc. of South Holland, 737 F.2d 638, 640 (7th Cir. 1984). The Court of Appeals for the Seventh Circuit stated that an "analysis of [section 4012a and 4104a] as well as the entire statutory scheme of the Flood Program reveals no indicia of legislative intent to created an implied federal cause of action." Id. at 642. Federal agencies

---

[2] First Horizon contends that Till supports denial of the motion to remand because the district court considered the removed NFIA claim on the merits, granted the defendant's motion for summary judgment, and dismissed the claims against the lender. The issue on appeal in Till presented "for the first time the novel question whether" a private right of action is cognizable under the NFIA. The Court of Appeals held that there is no private right of action and affirmed the grant of summary judgment. See 653 F.2d at 154. Till is distinguishable from this case because the issue is no longer one of first impression.

which supervise the lenders are given by Congress the responsibility of administering and enforcing the aspects of the Program that deal with mortgage lenders. "[B]road private remedies were not intended." Id. Congress "intended borrowers to benefit from both Section 4012a(b) and the notice provision of 4104a, but the Flood Program is primarily concerned with protecting the federally supervised and insured lenders since the flood insurance purchase requirement of Section 4012a(b) extends only to the amount of the outstanding loan balance and not to the borrower's equity. Id. at 643 (citing *inter alia* Till v. Unifirst Federal Savings & Loan Assoc., 653 F.2d at 159).

Accordingly, the claims against First Horizon are not cognizable under the NFIA, and removal of those claims based on federal question jurisdiction is not proper.

**C.  Claims against Cuevas and Auto Club**

The Dosses contend that the claims against Cuevas and Auto Club do not arise under the NFIA because there is no existing flood insurance policy. They argue that their claims concern the procurement of flood insurance, not the handling of an existing policy; therefore, the claims are not preempted by the NFIA.

Sections 4053 and 4072 of the NFIA "provide that flood insurance policyholders may sue their insurers in federal court in regard to disputes arising from the policies." Mid-America Nat'l Bank of Chicago v. First Savings and Loan Assoc. of South Holland, 737 F.2d at 642. The NFIA preempts state law claims for an adjustment of an insurance claim, which is considered "handling" of the claim. See Wright v. Allstate Ins. Co., 415 F.3d 384, 390 (5th Cir. 2005). Although the Fifth Circuit has not addressed whether state law claims regarding procurement of

policies would be preempted by the NFIA, a number of district courts have held that the NFIA does not act to preempt state law for claims related to flood insurance procurement.  See <u>Landry v. State Farm Fire & Casualty Co.</u>, 2006 WL 1159391 at *3 (E.D. La. 2006) (J. Fallon).  "The federal courts premise their jurisdiction under the NFIA upon the fact that policies under the National Flood Insurance Program are paid from the federal treasury; thus claims regarding handling of those policies also involve the spending of federal funds.  <u>Id</u>.  "[F]ederal funds are not used to reimburse [Write Your Own] insurers for liability arising outside of the scope of the Act.  <u>Id</u>.  Because claims involving procurement do not involve the expenditure of federal funds, "there is no equivalent justification for federal jurisdiction."  <u>Id</u>.

Accordingly, the plaintiffs' claims against Cuevas and Auto Club present a question of policy procurement and do not fall under federal question jurisdiction.

### III. CONCLUSION

The claims of negligence, breach of contract, and detrimental reliance alleged by the plaintiffs do not present a federal question.  Therefore, the court lacks subject matter jurisdiction, and the case is remanded.

New Orleans, Louisiana, this __5__ day of July, 2006.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**